**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| VA CUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:21-cv-141 |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Va Cun ("Cun"), brings this Complaint against Defendant, the University of Southern Indiana, ("Defendant"), for its discriminatory actions toward her based on her race, Asian, her gender, female, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") and Title IX of the Education Amendments of 1972 ("Title IX").

**II. Parties**

2. Cun is a citizen of the United States and has resided within the State of Indiana at all relevant times hereto.

3. Defendant is a Public/State University that is located within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**III. Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 20 U.S.C. § 1687.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Defendant is a covered entity as defined by 20 U.S.C. § 1687.

7. Cun, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 20 U.S.C. § 1687.

8. Cun satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2021-02540 alleging race discrimination, gender discrimination, and retaliation. Cun received her Notices of Suit Rights and timely files this action.

9. Cun has filed a subsequent EEOC Charge regarding her termination and has not yet received the Notice of Suit Rights from the EEOC.

10. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

11. Cun, who is an Asian female, was hired by the Defendant on or about January 6, 2020, as a Student Support Academic Counselor.

12. At all times relevant, Cun met Defendant's legitimate performance expectations.

13. Cun was the only Asian in her department.

14. Cun's supervisor, Aaron Pryor, is a Caucasian male and her co-worker, Madea Erickson, is a Caucasian female. Ms. Erickson resigned from her employment with the Defendant in April 2021.

15. Throughout her employment tenure, Cun was subjected to harassment and discrimination based on her race and/or gender.

16. For example, in July 2020, a Caucasian student was hostile and disrespectful towards Cun. Cun informed the student that she needed to address her privilege and disrespectful

attitude. Rather than support Cun, Mr. Pryor removed the student from Cun's caseload and used the event to later discipline Cun.

17. Additionally, Ms. Erickson was continually hostile towards Cun and worked to isolate and belittle her. Ms. Erickson engaged in these tactics in front of Mr. Pryor who took no action. In fact, after Cun brought these issues to his attention, Mr. Pryor began ignoring her and being dismissive. The discrimination by Mr. Pryor and Ms. Erickson got to the point where they refused to acknowledge Cun or even say her name.

18. On another occasion Ms. Erickson tried to assign a Caucasian student to Cun because the student "loves Asian people and culture." Cun was offended and declined the offer. However, Ms. Erickson tried to assign the student to Cun again and she refused. Ms. Erickson became angry with Cun and came to her office to discipline her.

19. Cun went to Mr. Pryor, again, to address the hostility and discrimination and pointed out the discriminatory treatment between Ms. Erickson and herself; however, Mr. Pryor became hostile and stated he "took offense" because Cun pointed out the discriminatory treatment.

20. Cun took the discriminatory issues to Michael Broshears, Defendant's Assistant Vice President of Academic Affairs – who is a Caucasian male. Cun also voiced her concerns regarding the retaliation she was experiencing since lodging her complaints. Instead of helping, Mr. Broshears asked Cun what she could do to change.

21. Cun took her concerns to Defendant's Title IX office. The office determined – after little to no investigation – that her concerns were not discriminatorily motivated and directed her to speak to Lynn Melms, who is Caucasian, with Defendant's Human Resources

Department. Cun briefly met with Ms. Melms and again submitted her discrimination and harassment complaints and, again, nothing was done.

22. The discrimination and harassment continued until Cun was placed on a final warning on March 4, 2021, which outlined various alleged issues regarding her work performance. Moreover, the Defendant contends that Cun was the source of the problems with her alleged attitude and demeanor.

23. On or about April 12, 2021, Cun submitted her written rebuttal to all of the accusation leveled against her.

24. After making internal reports of discrimination and receiving no remedial action by the Defendant, on or about June 8, 2021, Cun filed a Charge of Discrimination with the EEOC based on her race, sex, and retaliation – EEOC Charge No.: 470-2021-02540.

25. Despite filing her Charge with the EEOC, the harassment and discrimination continued.

26. On June 22, 2021, the EEOC issued its Dismissal and Notice of Suit Rights for Cun's EEOC Charge - EEOC Charge No.: 470-2021-02540.

27. On July 7, 2021, Cun was terminated from her employment with the Defendant for her alleged "attitude" and "relationship with her supervisor."

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claim

28. Cun hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Cun was harassed, subjected to a hostile work environment, discriminated against and terminated based on her race, Asian.

30. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

31. Defendant's actions were willful, intentional, and done with reckless disregard for Cun's civil rights.

32. Cun has suffered injury as a result of Defendant's unlawful actions.

### Count II. - Title VII – Gender Discrimination Claim

33. Cun hereby incorporates by reference paragraphs one (1) through thirty-two (32) of her Complaint.

34. Cun was harassed, subjected to a hostile work environment, discriminated against and terminated based on her gender, female.

35. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

36. Defendant's actions were willful, intentional, and done with reckless disregard for Cun's civil rights.

37. Cun has suffered injury as a result of Defendant's unlawful actions.

### Count III. - Title VII – Retaliation Claim

38. Cun hereby incorporates by reference paragraphs one (1) through thirty-seven (37) of her Complaint.

39. Cun was harassed, subjected to a hostile work environment, discriminated against and terminated based on retaliation for engaging in a protected activity.

40. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

41. Defendant's actions were willful, intentional, and done with reckless disregard for Cun's civil rights.

42. Cun has suffered injury as a result of Defendant's unlawful actions.

### Count IV. - Title IX – Gender Discrimination Claim

43. Cun hereby incorporates by reference paragraphs one (1) through forty-two (42) of her Complaint.

44. Cun was harassed, subjected to a hostile work environment, discriminated against and terminated based on her gender, female.

45. Defendant's actions are in violation of Title IX of the Education Amendments of 1972.

46. Defendant's actions were willful, intentional, and done with reckless disregard for Cun's civil rights.

47. Cun has suffered injury as a result of Defendant's unlawful actions.

### Count V. - Title IX – Retaliation Claim

48. Cun hereby incorporates by reference paragraphs one (1) through forty-seven (47) of her Complaint.

49. Cun was harassed, subjected to a hostile work environment, discriminated against and terminated based on retaliation for engaging in a protected activity.

50. Defendant's actions are in violation of Title IX of the Education Amendments of 1972.

51. Defendant's actions were willful, intentional, and done with reckless disregard for Cun's civil rights.

52. Cun has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Va Cun, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2. Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Reinstate Plaintiff to her former position or award front pay in lieu thereof;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1001
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Va Cun, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        _s/Kyle F. Biesecker_____
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana  47708
        Telephone:	(812) 424-1001
        Facsimile:	(812) 424-1005
        E-Mail:	kfb@bdlegal.com

        Attorneys for Plaintiff